1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Rose, | CIV 16-0298-PHX-MHB |
| Plaintiff, | **ORDER** |
| vs. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Pending before the Court is Plaintiff Nicholas Rose's Application for Award of Attorneys' Fees and Costs Under the Equal Access to Justice Act ("EAJA") (Doc. 23). After reviewing the administrative record and the arguments of the parties, the Court now issues the following ruling.

## BACKGROUND

On November 6, 2013, Plaintiff filed an application for disability insurance benefits alleging disability beginning August 1, 2013. His applications were denied initially and on reconsideration. Thereafter, Plaintiff requested a hearing before an administrative law judge. A hearing was held on July 8, 2015, and the ALJ issued a decision finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

In his brief, Plaintiff contended that the ALJ erred by: (1) failing to properly weigh medical source opinion evidence; (2) failing to provide valid reasons for discounting the

opinions from the Department of Veteran Affairs ("VA"); and (3) failing to make a proper finding at step five of the sequential evaluation process.

This Court, after reviewing the administrative record and the arguments of the parties, vacated the Commissioner's decision and remanded the matter for further administrative proceedings consistent with its Order. Although the Court found that the ALJ properly weighed the medical source opinion evidence related to Plaintiff's alleged impairments, and gave specific and legitimate reasons, based on substantial evidence in the record to support her findings, the ALJ erred by failing to articulate any persuasive, specific, and valid reasons for rejecting the VA's disability rating. See McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002).

According to the record, Plaintiff received a 100% disability rating from the VA with "total occupational and social impairment." The evaluation discussed major depressive disorder and generalized anxiety disorder documenting "feeling sad, isolating, lack for motivation, irritability, guilt, trouble sleeping." The anxiety was described as "significant worry, variety of triggers, sweaty hands, increased heart rate, mind goes blank." The VA agreed that "both occupational and social impairment are caused by both anxiety and depression" and established that the Global Assessment of Functioning is between 45 to 50.

The ALJ gave "no weight" to the VA's 100% disability rating stating that the disability award documented in these letters is not supported by any explanation of the evidence. The VA, however, cited to a previous mental disorder disability benefits questionnaire and the service treatment record. Further, the VA file as a whole was full of mental health treatment for anxiety and depression.

Furthermore, although the ALJ purported to have read and considered the VA's disability determination, the ALJ dismissed Plaintiff's "total occupational and social impairment" caused by anxiety and depression – by simply stating that "depression and anxiety interfere with the claimant's occupational and educational goals." Finally, the ALJ stated for "reasons previously discussed," she gives "little weight" to an unknown evaluator.

The ALJ completely failed to specify which "reasons previously discussed" applied to the VA's 100% disability rating.

The Court additionally found that the error was not harmless because the ALJ's rejection of the VA disability rating was not "inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1121-22 (9th Cir. 2012).

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA, 28 U.S.C. § 2412(d)(1)(A), unless the government's position was "substantially justified." The government's position is substantially justified "if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988).

Plaintiff is the prevailing party. Therefore, the issue before the Court is whether Defendant's position in opposing Plaintiff's appeal was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

Under the EAJA, "substantial justification" means that "'the government's position must have a reasonable basis in law and fact.'" Shafer, 518 F.3d at 1071 (quoting Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998)). "Where ... the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified. Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified." Id. (emphasis in original) (citations omitted).

The Court concludes that Defendant's decision to defend the ALJ's procedural errors was not substantially justified. See Shafer, 518 F.3d at 1072. As illustrated above, the ALJ failed articulate any persuasive, specific, and valid reasons for rejecting the VA's disability rating. See McCartey, 298 F.3d at 1076.

Defendant does not contest the amount of fees requested, including the cost of living increase requested by Plaintiff or to the number of hours that Plaintiff's counsel spent on this case. Plaintiff's counsel has prepared and attached an itemized statement representing the

time expended by counsel before this Court, including preparation of the Application for Award of Attorneys' Fees Under the Equal Access to Justice Act, supporting memoranda, and other necessary documentation, showing a total of 33.8 hours by counsel for work associated with this case. Plaintiff also demonstrates that the costs associated with this case are $420.25. Having reviewed the affidavit and the itemized statement of fees, and having considered the relevant fee award factors, see Hensley v. Eckerhart, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Award of Attorneys' Fees and Costs Under the Equal Access to Justice Act (Doc. 23) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorneys' fees totaling $7013.55 and costs of $420.25 pursuant to the Equal Access to Justice Act;

**IT IS FURTHER ORDERED** that this award shall be made payable directly to Plaintiff and sent to his counsel, and is subject to offset to satisfy any pre-existing debt that Plaintiff owes the United States.

DATED this 6th day of July, 2017.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge